RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 21 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LESTER VALENTINE                    DOCKET NO. 10-CV-287; SEC. P
LA. DOC #115680

VERSUS                              JUDGE DRELL

CCA OF TENNESSEE, LLC, et al.       MAGISTRATE JUDGE KIRK

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Pro se plaintiff Lester Valentine filed the instant civil rights complaint (42 U.S.C. §1983) on February 9, 2010. [Doc. #1] The case was transferred to this division from the Shreveport Division on September 30, 2010. [Doc. #5] On November 17, 2010, Plaintiff filed an amended complaint. [Doc. #7] On January 6, 2011, the Court ordered Plaintiff to complete summons forms and return them to the clerk of court for service of process. [Doc. #9] The order was returned to the Court as undeliverable with the notation, "Vacant."

On April 1, 2011, the undersigned recommended dismissal pursuant to the local rule of court 41.3W because Plaintiff had not complied with the memorandum order or kept the Court apprised of his address. [Doc. #12] The district judge declined to adopt the report and recommendation and ordered the Clerk of Court to attempt again the notice ordered on January 6, 2011, by resending the document to Plaintiff at the address provided to the Court.

[Doc. #14] The Clerk of Court mailed to Plaintiff at his designated address copies of documents #9 and #14, along with documents for service of process on April 25, 2011. This time, the documents were not returned to the clerk by the postal service. Nonetheless, over three months have lapsed, and Plaintiff has failed to comply with the order of the court. [Docs. #9, 11]

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. <u>Link v. Wabash R.R.Co</u>., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir.1988).

Plaintiff was provided an extra five months to comply with the order [Doc. #9] for service of process issued, and he has still failed to provide the documents as ordered.

**Therefore, IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with Rule 41(b) of the

2

Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of September, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE